**United States District Court
Eastern District of Tennessee at Knoxville**

| | |
|---|---|
| Tennessee Clean Water Network, *Plaintiff* <br><br> v. <br><br> Elite Properties Development LLC, Danny Bailey, Sonja Bailey, and John Molder *Defendants* | Case No. 2:16-cv-369 <br><br> Complaint for Injunctive and Declaratory Relief under 33 U.S.C. § 1251, et seq. |

**Complaint**

Plaintiff Tennessee Clean Water Network ("TCWN") by and through counsel alleges the following:

**Nature of the Case**

1. TCWN brings this citizen suit to address violations of the Clean Water Act ("CWA") by Elite Properties Development LLC, Sonja Bailey, Danny Bailey, and John Molder (collectively, "Defendants").

2. One or more Defendants were permittees concerning, owned, or controlled a parcel of land located on New Hope Road and Highway 11 East ("the Meadows Service Station site") located in Washington County

that was subject to a CWA Section 401 Certification ("§ 401 Certification" or "Certification") issued by the Tennessee Department of Environment and Conservation ("TDEC").

3. The Certification concerned alteration of an unnamed tributary ("Westerly stream") of a stream that feeds into the Little Limestone Creek.

4. Defendants violated the CWA through an unpermitted discharge of fill material.

5. Under the Certification, Defendants were required to maintain flow in the Westerly stream and then redirect flow into the new channel.

6. Defendants were also required to meet specific mitigation requirements.

7. Defendants failed to meet Certification requirements concerning stream flow, relocation, and mitigation.

**Parties**

8. Plaintiff Tennessee Clean Water Network ("TCWN") is a nonprofit corporation organized under the laws of the State of Tennessee. Its principal office is located at 625 Market Street, 8th Floor, Knoxville, Tennessee 37902.[*] TCWN empowers Tennesseans to exercise their right to clean water and healthy communities by fostering civic engagement, building partnerships, and advancing water policy for a sustainable future. TCWN is a membership organization with members whose property,

---

[*] TCWN's mailing address is P.O. Box 1521, Knoxville, TN 37901.

recreational, and aesthetic interests are injured by Defendants' alleged CWA violations.

9. Defendant Elite Properties Development, LLC is a member-managed Tennessee limited liability company. Its Secretary of State Control Number is 000538791. Johnny Ray Molder is its registered agent. The agent address on file with the Tennessee Secretary of State is 1800 Old Gray Station Road; Johnson City, Tennessee 37615-4614. Mr. Molder is also Chief Manager of Elite Properties Development LLC.

10. Defendant John Molder is a resident of Washington County, Tennessee. Mr. Molder, together with Ms. Sonja Bailey, is listed as permittee on the February 23, 2010 Certification for the Service Meadows Station site.

11. Defendant Sonja Bailey is a resident of Washington County, Tennessee. Ms. Bailey, together with Mr. Molder, is listed as permittee on the Certification for the Service Meadows Station site. Ms. Bailey is owner of the parcel subject to the Certification. This parcel is located at Highway 11 East and New Hope Road.

12. Defendant Danny Bailey is a resident of Washington County, Tennessee. Mr. Bailey is Assistant Manager and Secretary of Elite Properties Development LLC.

## Jurisdiction and Venue

13. This Court has subject matter jurisdiction of this case under 33 U.S.C. § 1365(a) of the CWA and 28 U.S.C. § 1331.

14. An actual, justiciable controversy exists between the Plaintiff and Defendants. The requested relief is proper under 28 U.S.C. § 2201, 28 U.S.C. § 2202, and 33 U.S.C. § 1365.

15. Venue is properly vested in this Court under 33 U.S.C. § 1365(c)(1) because the Eastern District of Tennessee is the judicial district in which the violations are taking place.

16. In accordance with the 60-day Notice Requirement of the CWA, 33 U.S.C. § 1365(b), TCWN notified Defendants, the Environmental Protection Agency ("EPA") Administrator, Region 4 EPA Administrator, and the TDEC Commissioner of the alleged violations in this Complaint through a letter dated September 27, 2016. The Notice Letter is attached to this Complaint as Exhibit A.

17. EPA administrators, TDEC Commissioner, Elite Properties LLC, and Mr. Molder were served via U.S. certified mail.

18. Mr. Bailey and Ms. Bailey were personally served.

19. More than 60 days has elapsed since notice was properly served.

20. The violation complained of in the notice letter and this Complaint are continuing. They have not been remediated as of the date of the filing of this Complaint.

21. Neither EPA nor TDEC has commenced, nor are they diligently prosecuting, a civil or criminal action in a court of the United States to redress Defendants' CWA violations.

22. Neither EPA nor TDEC has commenced, nor are they diligently prosecuting, an administrative penalty action under Section 309(g) of the CWA, 33 U.S.C. § 1319(g), or under a comparable Tennessee law, to redress the violations of the CWA by Defendants at the Westerly stream.

23. Plaintiff will, under Section 505(c)(3) of the CWA, 33 U.S.C. § 1365(c)(3), upon receipt of a file stamped copy of this Complaint, mail a copy of this Complaint to the Administrator of the Environmental Protection Agency, the Attorney General of the United States, and the Regional Administrator of the EPA Region in which the violations are alleged to have occurred.

**Statutory Background**

24. *Clean Water Act purposes.* The Clean Water Act exists "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

25. *Cooperative Federalism.* States and the Federal Government, chiefly through the EPA, implement a wetlands permitting scheme to protect surface waters in the United States.

26. *Wetlands regulatory scheme under the Clean Water Act and Tennessee law.* The Army Corps of Engineers issues permits for dredged or fill material into navigable waters under CWA section 404. 33 U.S.C. § 1344(a). An applicant for a federal § 404 permit must provide a certification from the state establishing that any discharge will comply with applicable CWA

provisions. *See* 33 U.S.C. § 1341(a)(1). The State of Tennessee regulates wetland alteration through Aquatic Resource Alteration Permits ("ARAPs") and/or § 401 Certifications. *See* Tenn. Comp. R. & Regs. 0400-40-07-.01.

27. *Unpermitted discharges are unlawful.* Under the CWA, it is unlawful to discharge "any pollutant" (including dredged or fill material) into jurisdictional waters. 33 U.S.C. § 1311(a). See 33 U.S.C. § 1362(6).

**General Allegations**

28. The Meadows Service Station site is five-acre parcel with wetlands. *See* Exhibit A, page 7.

29. Within the Meadows Service Station site is a tributary ("the Westerly stream") of a stream that feeds into the Little Limestone Creek. *See* Exhibit A, page 7.

30. John Molder and Sonja Bailey applied for an ARAP and § 401 Certification for the Meadows Service Station site on March 20, 2009.

31. The Meadows Service Station site is on the corner of New Hope Road and Highway 11 East in Washington County, Tennessee.

32. Ms. Bailey owns the property located at the Meadows Service Station site.

33. Mr. Molder and Mr. Bailey are officers of Elite Properties Development, a Tennessee Corporation.

34. On February 23, 2010, TDEC issued NRS 09.094 § 401 Water Quality Certification ("Certification") to permittees Mr. Molder and Ms. Bailey. This Certification allowed wetland and stream alteration at the Meadows

Service Station site. The Certification is attached to this Complaint as Exhibit B.

35. The Certification required the permitees to relocate 245 feet of stream channel of a pre-existing 285 feet of stream segment into a new 310 feet meandering channel. *See* Exhibit B, page 3.

36. The Certification's special conditions also required the permitees to maintain stream flow in the existing channel while the new channel was constructed. *See* Exhibit B, page 5.

37. After the new channel was completed, the Certification required existing stream flow to be diverted into the new channel upon stabilization and TDEC approval. *See* Exhibit B, page 5.

38. The Certification required mitigation requirements including: (a) planting of native trees and shrubs along the banks of the relocated stream, and (b) placement of large stones in the relocated stream channel to protect the bank. *See* Exhibit B, page 6-7.

39. Under the Certification, the new channel had to meet four performance criteria: "(1) 75% survival rate of planted trees and shrubs for five consecutive years[,] (2) a stable, morphologically functioning channel with contained base flow in a discernible bed and bank in a riffle/pool complex[,] (3) The fifth year stream monitoring report shall contain an assessment on benthic macroinvertebrate colonization of the new channel[, and] (4) A resultant plant community along the relocated channel shall contain less than 10% areal coverage of invasive exotic

species. Removal of such species shall be accomplished by hand." Exhibit B, page 7 (internal citation removed).

40. The Certification required that the relocated stream would be protected by a Land Use Restriction. *See* Exhibit B, page 7.

41. Under the Certification, signage indicating that the stream and wetlands were protected was also mandated. *See* Exhibit B, page 7.

42. By October 2015, some portions of the Westerly stream had been filled. *See* Exhibit A, pages 9-12.

43. By June 2016, there was no evidence of a new 310-foot channel or mitigation. *See* Exhibit A, pages 10-12.

44. December 19, 2016 photographs, attached as Exhibit C, document a widened Westerly stream channel with red fill material. *See* Exhibit C, pages 1-2.[†]

**Causes of Action**

**Count 1: Defendants violated the Clean Water Act through an unpermitted discharge of fill material into the Westerly stream.**

45. Paragraphs 1 – 44 of this Complaint are realleged and incorporated by reference.

46. Defendants violated the CWA through an unpermitted discharge.

---

[†] Exhibit C also includes a file photo from TDEC, Photo 3. This photo was taken before June 17, 2009, when TDEC put the Certification on public notice. This photo was taken upstream of the disturbed segment of the Westerly Stream.

47. Filling the Westerly stream is an unpermitted discharge of dredged/fill material. *See* 33 U.S.C. § 1311(a). Filling the Westerly stream with dredge/fill material is an ongoing violation of the CWA. *See Gwaltney v. Chesapeake Bay Foundation*, 484 U.S. 49 (1987). Every day that the illegal discharge remains in place is a new and distinct violation of the CWA.

48. Defendants filled some portion of the Westerly stream at the Meadows Service station site.

49. In the alternative, Defendants allowed some portion of the Westerly stream to be filled.

50. Therefore, the Defendants violated the CWA.

**Count 2:    Defendants violated the § 401 Certification by not relocating the Westerly stream.**

51. Paragraphs 1 – 49 of this Complaint are realleged and incorporated by reference.

52. Defendants violated the § 401 Certification by filling some portion of the stream and not relocating it.

53. Under the Certification, Defendants may have altered the Westerly stream only if the Defendants relocated the stream during the development project.

54. There is no evidence of a new, relocated stream channel.

55. The Westerly stream was not only altered, but filled. *See* Exhibit A, pages 9-12; Exhibit C, pages 1-2.

56. Therefore, the Defendants violated the Certification by filling the Westerly stream while failing to construct a new replacement stream channel.

**Count 3:** **Defendants violated the § 401 Certification by not maintaining flow in the existing channel and by failing to direct flow into a new channel.**

57. Paragraphs 1 – 55 of this Complaint are realleged and incorporated by reference.

58. Defendants violated the Certification by eliminating flow, before a new stream channel replaced the existing stream.

59. The § 401 Certification required flow to remain in the existing Westerly stream upon the new channel's reconstruction.

60. No evidence exists of a new channel's construction, but even if Defendants suggest that they were in the process of constructing a new channel, the Certification requires that flow in the existing channel be maintained as a new channel is made.

61. Because no flow exists in the Westerly stream, the Defendants did not comply with the Certification's mandate to allow flow in the Westerly stream.

62. Therefore, the Defendants violated the Certification by failing to maintain the Westerly stream's flow upon construction of a new stream channel.

**Count 4:   Defendants violated the § 401 Certification by not meeting mitigation requirements.**

63. Paragraphs 1 – 61 of this Complaint are realleged and incorporated by reference.

64. Defendants failed to implement Certification mitigation requirements.

65. The Certification required Defendants to mitigate the Meadows Service Station site.

66. The Defendants did not revegetate the site in accordance with the Certification's required mitigation activities as explained in Exhibit B.

67. No functioning channel with contained base flow and aquatic macroinvertebrate colonization is present for the Westerly stream. *See* Exhibit C, pages 1-2.

68. No signs are present at the Meadows Service station site indicating that the wetland and stream are protected. *Id.*

69. Therefore, the Defendants violated the Certification by failing to mitigate the Meadows Service Station site.


**Request for Relief**

TCWN respectfully requests that the Court provide the following relief:

70. Declare that Defendants are in violation of the § 401 Certification under 33 U.S.C. § 1365(f);

71. Declare that Defendants are in violation of the CWA under 33 U.S.C. § 1311(a);

72. Grant injunctive relief sufficient to restore and maintain the quality of jurisdictional waters, including meeting applicable state water quality standards and criteria;

73. Provide civil penalties to the State of Tennessee under Tenn. Code Ann. § 69-3-115;

74. Award Plaintiff its costs, expenses, expert witness fees, and reasonable attorneys' fees as provided in 33 U.S.C. § 1365; and

75. Grant all other, further, and different relief as the Court deems just and reasonable.

Respectfully submitted this 20th day of December, 2016.

s/Shelby R. B. Ward

Shelby R. B. Ward (BPR# 030394)
P.O. Box 1521
Knoxville, TN 37901
865-522-7007 x 102
Fax 865-525-4988
shelby@tcwn.org

s/Stuart I. Cassell

Stuart I. Cassell (BPR# 030751)
707 Market Street
Knoxville, TN 37902
865-544-8922
Fax: 865-523-9219

*Counsel for Plaintiff*
*Tennessee Clean Water Network*